IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Hexamer,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Sears Holdings Corporation,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, James Hexamer, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, James Hexamer ("Plaintiff"), is an adult individual residing in Clyde, North Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Sears Holdings Corporation ("Sears"), is an Illinois business entity with an address of 3333 Beverly Road, B6-258b, Hoffman Estates, Illinois 60179-0001, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last four years, Sears called Plaintiff's cellular telephone, number 828-XXX-7417 in an attempt to collect an alleged debt from Plaintiff.

6. At all times mentioned herein, Sears called Plaintiff by using an automatic telephone dialing system ("ATDS" or "predictive dialer") and by using an artificial prerecorded voice.

7. Upon answering Sears's calls, Plaintiff was met with a prerecorded voice regarding payments due on a layaway plan.

8. However, Plaintiff never entered into an agreement with Sears to purchase anything on a layaway plan, and has not otherwise provided Sears with prior express consent to place automated and prerecord calls to his cellular telephone.

9. On several occasions, Plaintiff attempted to connect with a live Sears represeantive in order to advise Sears Plaintiff was not the individual it was trying to reach and to ask Sears to cease calling him. However, Sears's automated system did not allow him to do so.

10. As a result, Plaintiff physically went to a Sears retail location in person and demanded that the calls stop.

11. In addition, Plaintiff placed outbound calls to Sears and demanded Sears cease placing calls to his cellular telephone. Sears advised Plaintiff that it had placed his cellular telephone number on a do-not-call list and would cease the calls.

12. Nonetheless, Sears's calls to Plaintiff's cellular telephone continued.

## COUNT I
## VIOLATIONS OF THE TCPA - 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Plaintiff never provided his cellular telephone number to Defendant and never provided his prior express consent to be contacted on his cellular telephone.

15. Defendant placed automatic telephone calls and prerecorded messages to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Defendant's telephone system has the capacity to store numbers in a random and sequential manner.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 10, 2017

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff